Bradley L. Mitchell (BM 1691)
Elliott J. Stein (ES 4378)
**STEVENS & LEE, P.C.**
A Pennsylvania Professional Corporation
600 College Road East
Suite 4400
Princeton, New Jersey 08540
(609) 243-9111
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDAVANTE, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PROXYMED, INC., a Florida corporation, SCHWARTZ COMMUNICATIONS, INC., a Massachusetts corporation, TRUEBRAND, LLC, a California limited liability company and DOES I through X, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, MedAvante, Inc. (hereinafter, "MEDAVANTE"), by its attorneys, Stevens &

Lee, P.C., says as and for its Complaint against ProxyMed, Inc. (hereinafter, "PROXYMED"),

Schwartz Communications, Inc. (hereinafter, "SCI"), TrueBrand, LLC (hereinafter, "TBL") and

Does I through X (hereinafter, the "DOES"), inclusive:

**PARTIES**

1.      MEDAVANTE is a Delaware corporation with its principal place of business in Hamilton, New Jersey.

2.      PROXYMED is, upon information and belief, a Florida corporation with corporate offices at Norcross, Georgia and other offices throughout the United States that does business in New Jersey.

3.      SCI is, upon information and belief, a Massachusetts corporation with corporate offices at Waltham, Massachusetts that does business in New Jersey.

4.      TBL is, upon information and belief, a California limited liability company with corporate offices at San Francisco, California that does business in New Jersey.

5.      The organization and location of the DOES is presently unknown but, upon information and belief, the DOES do business in New Jersey.

**JURISDICTION AND VENUE**

6.      This is an action for trademark infringement (under federal and common law), for false designation of origin and description in violation of the Lanham Act and for unfair competition and unfair trade practices

7.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendent competition claims) and 28 U.S.C. §1332(a) (diversity of citizenship) insofar as the amount in controversy exceeds $75,000.00.

2

8.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) and §1391(c).

### FACTS COMMON TO ALL COUNTS

9.     MEDAVANTE is, and has since 2002 been, in the business of providing solutions to reduce the number of failed clinical drug trials and related medical research, to reduce the time that it takes to bring such drugs to market and to facilitate the evaluation of such drugs by hospitals and other medical institutions. MEDAVANTE uses experts in the field both to train "raters" and to perform assessments in clinical drug trials and medical research via remote telecommunication technologies.

10.     Beginning in 2002 MEDAVANTE developed a number of proprietary products and services (hereinafter, the "Offerings") and adopted the trademark "MedAvante" to describe the source and quality of the Offerings. These Offerings include "MedAvante Centralized Rating Services™" and "MedAvante Rater Training Services™."

11.     Since 2002 MEDAVANTE has invested over $2,000,000 in promoting the Offerings that bear the "MedAvante" trademark and MEDAVANTE has displayed the "MedAvante" trademark on advertising and promotional materials that have been distributed throughout the United States (and the world).

12.     On or about February 27, 2002, MEDAVANTE caused an application for registration of the trademark "MedAvante" to be filed with the United States Patent and Trademark Office in International Class 042 for "Technology consulting, namely, providing technology solutions for conducting clinical trials and/or medical research."

3

13.     MEDAVANTE is the owner of Registration No. 2,830,753 for the trademark "MedAvante" (the "REGISTERED TRADEMARK") which was issued by the United States Patent and Trademark Office on April 6, 2004, and was thereupon placed on the Principal Register.  A copy of the Registration Certificate is attached as Exhibit "A."

14.     MEDAVANTE has used the REGISTERED TRADEMARK to describe the Offerings in interstate commerce continuously since 2002.

15.     The REGISTERED TRADEMARK is highly distinctive and has come to identify and distinguish the Offerings from products and services offered by others and to symbolize the source, high quality and dependability of the Offerings.

16.     The REGISTERED TRADEMARK, as well as the associated goodwill, has become a valuable asset of MEDAVANTE and is protected under federal and state law.

17.     Upon information and belief, PROXYMED was organized in 1989 and has provided various products and services to physicians, laboratories and other medical professionals continuously since that time.

18.     Prior to the conduct which is the subject of this action, PROXYMED offered its products and services under the trade name and/or trademark "ProxyMed" and under other trade names and trademarks that bore no similarity to the REGISTERED TRADEMARK.

19.     Upon information and belief, in 2005 PROXYMED determined that it should adopt new trade names and/or trademarks to describe its businesses, products and services.

20.     Upon information and belief, PROXYMED retained SCI, TBL and the DOES to assist PROXYMED in the development, adoption and dissemination of new trade names and/or trademarks.

21.     Upon information and belief, late in 2005, PROXYMED, SCI, TBL and the DOES selected "MedAvant", "MedAvant (and design)" and "MedAvant Healthcare Solutions" (the "INFRINGING MARK(S)") to describe the businesses, products and services of PROXYMED.

22.     Upon information and belief, PROXYMED, SCI and TBL selected the INFRINGING MARKS with full knowledge of MEDAVANTE and MEDAVANTE's adoption, use and registration of the REGISTERED TRADEMARK.

23.     On or about November 28, 2005, PROXYMED caused an Intent to Use Application for the INFRINGING MARK "MedAvant" to be filed with the United States Patent and Trademark Office. That application was assigned serial number 78/761,661.

24.     On or about November 28, 2005, PROXYMED caused an Intent to Use Application for the INFRINGING MARK "MedAvant (and design)" to be filed with the United States Patent and Trademark Office. That application was assigned serial number 78/761,691.

25.     On or about November 28, 2005, PROXYMED caused an Intent to Use Application for the registration of the INFRINGING MARK "MedAvant Healthcare Solutions" to be filed with the United States Patent and Trademark Office. That application was assigned serial number 78/761,704.

5

26.   Although the United States Patent and Trademark Office has yet to approve PROXYMED's applications for the INFRINGING MARKS (the "INFRINGING APPLICATIONS"), PROXYMED commenced using the INFRINGING MARKS in interstate commerce late in 2005 or early in 2006.

27.   Since approximately December 2005 or January 2006, PROXYMED sold and offered for sale in interstate commerce, products and services similar to the Offerings using the INFRINGING MARKS.

28.   Since approximately December 2005 or January 2006, PROXYMED, SCI, TBL and the DOES have widely promoted the INFRINGING MARKS in the same or similar channels of commerce as those in which the Offerings are marketed and sold.

29.   Since approximately December 2005 or January 2006, PROXYMED, SCI, TBL and the DOES have, by their adoption, use and promotion of the INFRINGING MARKS, caused confusion in the marketplace as to the source of the Offerings and the products and services marketed and sold by MEDAVANTE and PROXYMED.

30.   There is a high likelihood that the continued use and promotion of the INFRINGING MARKS by PROXYMED, SCI, TBL and the DOES, will cause additional confusion in the marketplace as to the source of the Offerings and the products and services marketed and sold by MEDAVANTE and PROXYMED.

31.   Since approximately December 2005 or January 2006, PROXYMED, SCI, TBL and the DOES have, by their adoption, use and promotion of the trade names "MedAvant" and

6

"MedAvant Healthcare Solutions" caused confusion in the marketplace as to the identity and business of PROXYMED and MEDAVANTE.

32.     There is a high likelihood that the continued use and promotion of the INFRINGING MARKS and the trade names "MedAvant" and "MedAvant Healthcare Solutions" will cause additional confusion in the marketplace.

33.     On or about April 5, 2006, MEDAVANTE served written demand upon PROXYMED that PROXYMED cease using the INFRINGING MARKS, cease using the trade names "MedAvant" and "MedAvant Healthcare Solutions" and abandon the INFRINGING APPLICATIONS.

34.     PROXYMED subsequently refused to cease using the INFRINGING MARKS, to cease using the trade names "MedAvant" and "MedAvant Healthcare Solutions" or to abandon the INFRINGING APPLICATIONS.

### COUNT ONE

#### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

(Against PROXYMED)

35.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     MEDAVANTE is the owner of the REGISTERED TRADEMARK.

37.     The REGISTERED TRADEMARK is valid and subsisting.

38.     PROXYMED has infringed the REGISTERED TRADEMARK in interstate commerce by various acts, including, without limitation, the adoption, sale, offering for sale,

7

promotion and advertisement of goods and services similar to those offered by MEDAVANTE bearing the INFRINGING MARKS and the filing of the INFRINGING APPLICATIONS.

39.     PROXYMED's adoption and use of the INFRINGING MARKS is without the permission or authority of MEDAVANTE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market.

40.     PROXYMED's adoption and use of the INFRINGING MARKS in connection with products and services similar to the Offerings has been made notwithstanding MEDAVANTE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of the MEDAVANTE's registration under 15 U.S.C. §1072.

41.     PROXYMED's    infringement    of    MEDAVANTE's    REGISTERED TRADEMARK has been and continues to be willful, entitling MEDAVANTE to damages including statutory and trebled damages.

42.     PROXYMED's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in the REGISTERED TRADEMARK. MEDAVANTE has no adequate remedy at law.

8

## COUNT TWO

### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

(Against PROXYMED)

43.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     By engaging in the aforementioned conduct, PROXYMED has infringed MEDAVANTE's common law rights to its trademarks and trade names.

45.     PROXYMED's infringement of MEDAVANTE's common law trademarks and trade names has been and continues to be willful, entitling MEDAVANTE to damages including statutory damages.

46.     PROXYMED's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in its common law trademarks and trade name. MEDAVANTE has no adequate remedy at law.

## COUNT THREE

### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK PURSUANT TO 15 U.S.C. §1114

(Against All Defendants)

47.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.     By engaging in the complained-of conduct, PROXYMED, SCI, TBL and DOES used in commerce, without the consent of MEDAVANTE, a reproduction, counterfeit, copy or

9

colorable imitation of the REGISTERED TRADEMARK and/or reproduced, counterfeited, copied or colorably imitated the REGISTERED TRADEMARK or applied a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK to labels, signs, prints, packages, wrappers receptacles or advertisements intended to be used in commerce, in violation 15 U.S.C. §1114.

49.     The conduct of PROXYMED, SCI, TBL and DOES has been and continues to be willful, entitling MEDAVANTE to damages including statutory and trebled damages.

50.     The conduct of PROXYMED, SCI, TBL and DOES has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in the REGISTERED TRADEMARK. MEDAVANTE has no adequate remedy at law.

### COUNT FOUR

### FALSE DESIGNATION OF ORIGIN, ETC. UNDER 15 U.S.C. §1125(A)

(Against All Defendants)

51.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.     PROXYMED's adoption and use of the INFRINGING MARKS constitutes a false designation of origin and/or a false and misleading description of its goods and services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of MEDAVANTE and PROXYMED or as to the origin, sponsorship or approval of the services of MEDAVANTE and PROXYMED, in violation of 15 U.S.C. §1125(A).

10

53.     The conduct of SCI, TBL and DOES has been and continues to be willful, entitling MEDAVANTE to damages including statutory and trebled damages.

54.     The conduct of PROXYMED, SCI, TBL and DOES has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in the Registration. MEDAVANTE has no adequate remedy at law.

### COUNT FIVE

### UNFAIR COMPETITION

(Against All Defendants)

55.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56.     The conduct of PROXYMED, SCI, TBL and DOES constitute unfair competition under the law of the State of New Jersey.

57.     The conduct of PROXYMED, SCI, TBL and DOES has been and continues to be willful, entitling MEDAVANTE to damages including punitive damages.

58.     The conduct of PROXYMED, SCI, TBL and DOES has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in its business. MEDAVANTE has no adequate remedy at law.

11

## COUNT SIX

### UNFAIR TRADE PRACTICES

(Against All Defendants)

59.     MEDAVANTE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.     The conduct of PROXYMED, SCI, TBL and DOES constitute an unfair trade practice under the law of the State of New Jersey.

61.     The conduct of PROXYMED, SCI, TBL and DOES has been and continues to be willful, entitling MEDAVANTE to damages including punitive damages.

62.     The conduct of PROXYMED, SCI, TBL and DOES has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to MEDAVANTE, its business, its reputation and goodwill in its business. MEDAVANTE has no adequate remedy at law.

WHEREFORE, MEDAVANTE prays for the following relief:

A.     An award of damages, including statutory, trebled and/or punitive damages, to be assessed, jointly and severally, against PROXYMED, SCI, TBL and DOES; and

B.     A preliminary and permanent injunction restraining PROXYMED, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the INFRINGING MARKS, using MEDAVANTE's trademarks or trade name in connection with its business, unfairly competing with MEDAVANTE or engaging in unfair trade practices affecting MEDAVANTE; and

12

C.     An Order striking and/or canceling the INFRINGING APPLICATIONS; and

D.     An Order requiring PROXYMED to account to MEDAVANTE for its profits resulting from its unlawful conduct; and

E.     An Order requiring PROXYMED to destroy all materials bearing or incorporating the INFRINGING MARKS; and

F.     A preliminary and permanent injunction restraining SCI, TBL and DOES, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from further violating  15 U.S.C. §1114; and

G.     An award of attorneys' fees and costs pursuant to 15 U.S.C. §1117;

H.     Such other relief as the Court deems just and equitable under the circumstances.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.


Respectfully submitted,


Dated: July 17, 2006

Bradley L. Mitchell (BM 1691)
Elliott J. Stein (ES 4378)
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ  08540
(609) 243-9111

Attorneys for Plaintiff MedAvante, Inc.


13